Judge Ewing
delivered the Opinion of the Court.
On the 18th of October, 1819, John Bosley, the appellant, and John Hanna, became the sureties of Harrison Munday, in an injunction bond executed by him to Durand and Schesanno, in the clerk’s office of the Mercer Circuit Court, on a bill filed by him, enjoining a large judgment which they had recovered against him at law.
Though the debt had been replevied pending the bill instituted by Munday, on the motion of Durand and Schesanno, an order was made requiring him to give “ new ” or additional security, upon the alleged ground that Bosley and Hanna, his sureties, had become in doubtful circumstances.
And, thereupon, pursuant to the order, he, on the 9th *158 day of April, 1823, executed a new or additional bond, with George W. Thompson, John Taylor and William Munday as his sureties, for the same identical purposes, and with precisely the same stipulations of the first injunction bond.
The effect of non residence & insolvency is the same, in the courts of this state. In cases of set-off against the claims of non-resident creditors, non-resident vendors coercing payment without making title; non resident obligors, in suits against assignors, &c. the non residents are placed upon the same grounds as tho’ they were insolvent. So, held, that, in equalizing the burden to be borne by co sureties, in equity, the principal or any surety who is a nonresident, may be treated as an insolvent party.
Where the liability of a surety is collateral, he may be justified in submitting to a suit, in order to fix the extent of the liability; and, in that case, his co-sureties will be liable to him, for their due proportions of the cost of the defence.
Interest upon contributions, in surety cases,from the time the debt was paid, to the time of the decree, should be allowed in chancery.
*158 Munday’s injunction having been dissolved, with damages and costs, Schesanno, as surviving obligee, in September, 1831, brought an action of debt against the obligors in the first injunction bond, and having abated his suit as to Munday and Hanna, upon the return of the officer, recovered a judgment against Bosley, which he paid off to the attorney of Schesanno, on the 14th of October, 1833, amounting, then, with interest and costs, to the sum of three hundred and thirty dollars.
Bosley thereupon exhibited his bill in chancery, against the principal and sureties in both injunction bonds, alleging that Harrison Munday, the principal, and Hanna and William Munday, his co-sureties, had long since become insolvent and left the State, leaving Thompson and Taylor, the only remaining sureties, who were solvent, and prayed that they might be decreed to pay him their equal shares of the sum which he had paid.
Thompson and Taylor answered, requiring proof of the insolvency of the principal and other sureties, but not denying that they were non-residents, and controverted their obligation to contribute, as being bound only in the second injunction bond.
The complainant established the amount which he was bound to pay, and had paid in the injunction bond, and also proved the insolvency and non-residency of Hanna, and that the two Mundays had long since removed from the State, but failed to prove their insolvency.
The Circuit Court dismissed Bosley’s bill, and he has appealed to this Court.
The principles settled by this Court, in the case of Hutchcraft &c. vs. Shrout’s Heirs, 1 Monroe, 208, and in the case of Breckinridge vs. Taylor, determined at the present term, are applicable to this case, and establish, upon the most unquestionable authority, the equitable right of the complainant to demand of the sureties, in *159 the second bond, an equality of contribution; and the latter case settles, that those of the sureties in each bond who are solvent, shall be made equally to bear the burthen.
But it is now made a question, whether the non-residency alone of Harrison Munday, the principal, and William Munday, the surety, will entitle the complainant to ask that the burthen shall be equally borne by himself and those sureties who remained in the State.
We think it will. So far as the equitable rights and responsibilities of persons within this State are involved, this Court has generally placed insolvency and non-residency on the same ground. In the case of equitable set-offs of distinct and disconnected demands, they are made to stand on the same ground. Either will entitle the complainant to a set-off. In the case of vendor and vendee, the non-residency as well as insolvency of the vendor, will equally justify a bill to enjoin the consideration, till the title is made or tendered. And so in case of suit upon an assigned note against the assignor, the removal of the promissor from the State, before the note fell due, will, in the general, excuse the assignee from the prosecution of a suit against him, as evidence of due diligence to entitle him to his suit against the assignor. 6 Monroe, 651, Clay vs. Johnson &c.
Between parties contracting within this State, the non-residency of either, when a right accrues under the contract, is, as to the practical enforcement of their rights within the State, equivalent to actual insolvency. So far as regards the State of Kentucky, or the process of her Courts, the non-resident is actually insolvent in property and irresponsible in person.
The Courts of Equity of this State will not leave a party to the uncertain remedy of pursuing a party in a foreign State, beyond the reach of the powers of their tribunals, but will act upon the persons within their jurisdiction, and compel them to do equal justice to each other.
A stronger moral obligation rests upon the defendants to pursue Munday for their several portions of an equal *160 burthen, than upon the complainant to pursue him for the whole amount.
And as Bosley’s liability was collateral merely, and the extent of it might not have been certainly ascertained without a suit on the injunction bond, we think he is entitled to contribution also, for the legal costs of the suit on that bond.
The decree of the Circuit Court is reversed, and the cause remanded, that interest may be calculated upon the sum paid by the complainant, on the judgment on the injunction bond, from the time of payment up to the final decree; and that the defendants, Thompson and Taylor, each be decreed to pay to the complainant one third thereof, and the costs of this suit; and it is directed that they pay the costs in this Court.