## BURROUGHS *v.* LOTT.

ONE of four sureties having paid the common debt—two of the sureties insolvent—may sue the remaining surety for his half of the debt, without joining the insolvents as parties.

*Query*, whether the objection that the insolvent sureties are not parties can be taken except by demurrer for nonjoinder—all the facts and the defects appearing on the face of the complaint.

APPEAL from the Fifteenth District.

Suit against a cosurety for contribution.

On the twenty-fifth of April, 1859, John Faulkner executed his note for $1,000 to Erskin, Lathrop, Burroughs and Lott, who indorsed the same as sureties or accommodation indorsers.    From them it passed through several hands by intermediate indorsements, to one Howard.    The note was not paid at maturity and Howard sued the maker, and Erskin, Lathrop, Burroughs and Lott, and obtained judgment for $1,212,97 including costs.    Execution issued, and the defendant Lott paid three hundred dollars.    The balance of the judgment, nine hundred and forty-five dollars and nine cents, including costs and accruing costs, was paid by the plaintiff, and the judgment satisfied.    Plaintiff sues Lott for three hundred and twenty-two dollars and thirty cents, averring that Erskin and Faulkner are insolvent.

The complaint gave a full statement of all the facts of the transaction. Defendant demurred on the ground that the complaint shows that defendant has paid his pro rata of the judgment obtained by Howard, and that it does not show that defendant is liable for more. Overruled. Answer filed denying the insolvency of Lathrop and Erskin, and insisting upon their being made parties before final decree. The Court determined the case without making them parties, finding the facts as above stated, and that Lathrop, Erskin and Faulkner are insolvent. Judgment for plaintiff for three hundred and twenty-two dollars and fifty cents, being the amount paid by plaintiff over and above the one-half of the Howard judgment. Defendant appeals.

*H. O. & W. H. Beatty*, for Appellant.

1. This is an action at law, and the rule is, that at law a surety can recover of one of his cosureties only his aliquot part of the original undertaking, even though some of his cosureties are insolvent. And the suit must be against each cosurety separately. (*Burge on Suretyship*, 385 ; 2 *Bos. and Pull.* 268; 6 *Barn. and Cress*, 689.)

2. The only way for plaintiff to recover of defendant the half of the Howard judgment is by suit in equity, making all his cosureties parties ;* and the fact that the suit is against Lott alone, shows the action to be at law and not in equity, and hence that the judgment can be only for the one-fourth of the original debt, less the three hundred dollars, paid by defendant.

BALDWIN, J. delivered the opinion of the Court — COPE, J. concurring.

This suit is brought for contribution by one surety, who has paid the common debt, against a co-surety—the other sureties being insolvent. The suit is a good proceeding in equity to recover the amount due from the defendant; and we see no necessity for making other parties than these made here, even if this objection could be taken, except by demurrer for nonjoinder, etc., all the facts and the defect appearing on the face of the complaint.

Judgment affirmed.