Mary J. Stewart, executrix v. James Goulden.

*Contribution from co-indorsers*

Where one of several indorsers has been held for the full amount of the note, he is entitled to contribution from the rest; and if any of the others have become insolvent or are beyond the reach of process, he is entitled, in equity, to recover from the remainder the proportion they would have to pay of the whole amount if insolvents and non-residents were excluded.

Appeal from St. Clair. (Stevens, J.) Oct. 25.—Dec. 20.

Bill for contribution. Defendant appeals. Affirmed.

*Chadwick & Cline* for complainant. A bill in equity is the proper proceeding to obtain contribution: *McGunn v. Hanlin* 29 Mich. 480; and one can elect the equitable remedy: Story's Equity 889; *Smith v. Rumsey* 33 Mich. 194; as at law a surety can recover from a co-surety only an aliquot part of the deficiency: 1 Pars. Cont. (6th ed.) § 34; *Currier v. Fellows* 27 N.H. 366; *Stothoff v. Dunham* 19 N. J. L. 185; DeColyar on Suretyship 339–49; while in equity the share of the insolvents may be collected from the solvents: Story's Eq. Jur. 496; and co-sureties out of the jurisdiction are not included: *McKenna v. George* 2 Rich. Eq. 15.

*Atkinson & Stevenson* for defendant.

Sherwood, J. The Daniels Italian Marble & Burial

Case Company made its three promissory notes for the sum of $500 each, payable to the order of William L. Bancroft, James Goulden, Taylor Daniels, Wallace Ames, George Knill, William Stewart and Nathan S. Boynton, at the First National Bank of Port Huron, and which were dated April 2d, May 10th and June 9th, respectively, and each bearing interest at the rate of ten per cent. per annum. The notes were regularly discounted at and became the property of the bank, on the transfer all the payees becoming indorsers, William Stewart being the last; and complainant claims his indorsement was procured by the others after they had all indorsed the note.

On or about the 20th day of June, 1877, the bank brought suit upon the three notes in St. Clair county circuit court, commencing the same by declaration. Service, however, was not obtained on Boynton and Daniels. William Stewart alone appeared and defended, claiming as his defense that two of the indorsers had been released without his consent by the holder. A final judgment was rendered in said cause in the circuit court in favor of the plaintiff, and against all the indorsers, for the sum of $1944.34 damages, and costs of suit, which were taxed at the sum of $66.16. Stewart appealed from the judgment rendered at the circuit to this Court, and the judgment at the circuit was reversed. A re-trial was had, the bank recovered, and Stewart again appealed to this Court, and the judgment was affirmed. The liability of Stewart was thus clearly established. 40 Mich. 348 and 43 Mich. 257.

Before the last judgment was rendered, however, Daniels left the State, and was insolvent, as was also the maker of the note and said Knill and Boynton, and it is claimed that Bancroft had no property that could be reached on execution, and was also a non-resident. It is also claimed that Goulden was vice-president and a director in the bank, and suggested or directed the levy of the execution issued upon the judgment upon the property of William Stewart, from whom the entire judgment, amounting to the sum of $2270.66, was collected.

On the 2d of February, 1881, William Stewart died, leaving a will, and the complainant, as his executrix, now brings this suit for contribution against the defendant, he being really the only solvent party liable who is within the jurisdiction of the court. The complainant had judgment for one-half the amount paid by her testator, and defendant brings error.

The judgment at the circuit, and its affirmance by this Court in 43 Mich., establishes the liability of the defendant upon the notes to the bank; and there is nothing in the special findings in this case which would relieve the defendant from the liability to contribute. The amount he should contribute depends upon the amount paid by the plaintiff and the responsibility of the other co-sureties. In equity one of several sureties who pays the debt for which all are bound may recover from the solvent co-sureties so much of the sum thus paid on the insolvent share as would fall upon them were such sum equally divided between the solvent sureties. Story's Eq. Pl. 496; *McKenna v. George* 2 Rich. Eq. 15; *Rynearson v. Turner* ante. p. 7.

The case of *Rynearson v. Turner* involves the same questions presented in this case. The whole subject was there gone into and the principles which should govern the action of the court and the reasons therefor were very clearly and forcibly stated by Mr. Justice Campbell, with whom I fully concur. That case necessarily governs this, and the ruling must be the same.

The defendant claims that at law the complainant could only call upon him to contribute an equal share with each of the other sureties, counting both solvents and insolvents; and having elected to proceed in equity for contribution, she must show that her testator has, in all things pertaining to the claim she makes, done equity; and that he has failed so to do in this: 1st, he made an agreement before any suit was brought by the bank, with three of the indorsers, that if the indorsers were obliged to pay the notes, four of them should share the amount equally; 2d, that William Stewart greatly delayed the collection by useless contests in the

courts, which were not made in good faith, and that by the delay the responsibility of Ames and Bancroft was lost.

Upon the *first* point it is not pretended that there was any consideration for the agreement claimed, or that at the time it was made any suit had been commenced against any of the indorsers. If this agreement had been binding and the parties sought to carry it out, there was no difficulty in Bancroft, Ames and Goulden paying in their part. It is conceded Stewart was perfectly responsible and the bank was ready to take the money, or any part thereof, on the claim. It is not easy to discover how the delay in payment by Stewart of his one-fourth could have prejudiced the payment of the balance by the other three parties to the alleged agreement.

*Second.* Either one of the other three might have paid the bank its claim or his share of the same, without waiting for the termination of the suit. If he had paid the whole he would have had his right of action, either at law or equity, for contribution against the others at once. This being the case it necessarily follows that Stewart, by the contest he made, deprived his co-sureties of no rights legal or equitable, and subjected them to no additional burden, unless they chose to receive it.

We find no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.