Faurot vs. Gates.

---

FAUROT, Respondent, vs. GATES, Appellant.

*November 30 — December 29, 1893.*

*Suretyship: Contribution in action at law: Insolvency and nonresidence: Consideration.*

1. Under our statute (R. S. sec. 2600) abolishing the distinction between actions at law and suits in equity, a surety who has paid the whole debt may recover in an action at law against his cosureties who are solvent and reside in this state the same contribution as if they were all of the sureties bound.
2. In an action by one guarantor of a note against another for contribution, the defendant cannot prove a want of consideration paid to the principal for a prior note which the note paid by plaintiff was given to renew.

APPEAL from the Superior Court of *Milwaukee* County. The facts are stated in the opinion.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.* They contended, *inter alia,* that " one surety cannot recover contribution from another when the debt paid by the surety seeking contribution was either not binding on the princi-

pal or not binding on the other surety." Brandt, Suretyship, § 232; *Warner v. Morrison*, 3 Allen, 566–8; *Lowndes v. Pinckney*, 1 Rich. Eq. (S. C.), 155–178; *Wells v. Miller*, 66 N. Y. 258; *Tobias v. Rogers*, 13 id. 59; *Russell v. Failor*, 1 Ohio St. 327. "At law a surety can recover from his cosurety an aliquot part calculated upon the whole number without reference to the insolvency of others of the cosureties." 1 Parsons, Cont. 34; *Easterly v. Barber*, 66 N. Y. 433, 439, 440; *Griffin v. Kelleher*, 132 Mass. 82.

For the respondent there was a brief by *Van Dyke & Van Dyke*, and oral argument by *George D. Van Dyke*.

ORTON, J. The basis of this action is the following note and guaranty:

"$1,500.00. Chicago, March 2nd, 1889.

"Three months after date, we promise to pay to the order of F. A. Bates, Fifteen Hundred Dollars, at Park National Bank here, value received, with eight per cent. interest.

"THE FUEL BURNER TRUST AGREEMENT,

"By F. A. BATES, Gen'l Mgr.

"For value received, we hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at eight per cent. per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same. "W. W. DONNELLEY,

"B. C. FAUROT,

"F. A. BATES,

"JAMES L. GATES."

A similar guaranty is signed by "R. R. DONNELLEY AND SONS, W. W. DONNELLEY, President."

This note and guaranty were given to replace and renew another note and guaranty which had been given before that time, and had been negotiated at the bank and the proceeds thereof applied to the uses of the trust, and which was then due and unpaid. They were delivered to the Park

National Bank of Chicago, the holder of the former note, and said former note and guaranty were delivered up and retired. The bank assigned said note to one Oscar D. Witherell, and said Witherell commenced an action in the court of common pleas of Allen county, in the state of Ohio, against said guarantors, to recover the amount of said note, together with costs. The plaintiff was the only one of said guarantors upon whom service was had in said action; and having no defense to said action, as he was advised and believed, he paid said note, and all the interest thereon and costs of said action, amounting to $1,690.60, and no part thereof has been repaid to him. The plaintiff has been informed and believes that the said Fuel Burner Trust Agreement is now insolvent, and the said W. W. Donnelley, R. R. Donnelley and Sons, and F. A. Bates are now insolvent and nonresidents of this state. The plaintiff demands judgment against the defendant, as the other and remaining guarantor, for one half of said sum so paid, together with costs. This is substantially the complaint.

The material facts set out in the answer in defense of the action are that said note was delivered to one Packer, an officer of said bank, and that said first note was thereupon taken up and retired; that said first note was delivered to said Packer or the bank for the purpose of raising money for the purposes of said trust, but that said trust or the trustees thereof never received any sum of money whatever for said note, or any other consideration therefor, and that said note was without any consideration whatever,— and these allegations are substantially the same as to the second note or the one in suit; that said Packer delivered said last note to one Roberts, without receiving any consideration therefor, and said Roberts made an assignment for the benefit of his creditors to one Oscar D. Witherell, and said note came to the possession of said Witherell as the assignee of said Roberts, and without any other consideration.

It is conceded that all the others of said guarantors, except the plaintiff and defendant, are nonresidents of this state, but the allegation of their insolvency appears not to have been sustained by the evidence. The allegations as to the suit in Ohio against the plaintiff as guarantor, and in favor of said Witherell as the holder of the note, and as to the payment of said note, costs, and expenses to the said Witherell by the plaintiff during the pendency of said suit, appear to have been sustained by the evidence. The defendant offered to prove that the said notes were delivered to said Packer or the bank without any consideration therefor to the maker thereof, as alleged in the answer; but, on objection of the plaintiff, said offer was rejected by the court, and the defendant excepted.

On the conclusion of the testimony the court directed the jury to find a verdict for the plaintiff for the sum of $949.80, this being one half of the sum paid by the plaintiff, with interest, and the defendant has appealed from the judgment thereon.

This is an action at law on the ground of an implied *assumpsit*, brought by the plaintiff as one of the guarantors, he having paid the whole note, interest, and costs, to recover from the defendant, as the only other *resident* guarantor, one half of the same.

1. The learned counsel of the appellant contends that in such an action the plaintiff can recover only an aliquot part of the whole note, regard being had to the number of the guarantors, without regard to the insolvency or nonresidence of any of them. This doctrine unquestionably obtained formerly in this country and in England; but now many of the states carry the equitable principles into actions at law, and make no distinction as to the action, whether at law or in equity. But in many of the states the strict doctrine of contribution in actions at law still prevails. Inasmuch as the right of contribution among sureties

was first established as an equitable principle based upon and governed by the maxim that "equality is equity," it would seem most reasonable that the same principles which govern contribution in suits in equity should prevail as well in actions at law. According to the equitable doctrine, where one of the cosureties has paid the whole debt, he is entitled to contribution from such of his cosureties as are solvent and within the state. The insolvent and nonresident sureties are simply ignored. The nonresident is treated as an insolvent surety, and neither is a necessary party to a bill in equity for contribution; and so should it be, we think, in an action at law. 2 Suth. Dam. § 757; *Liddell v. Wiswell,* 59 Vt. 365; *Boardman v. Paige,* 11 N. H. 431; *Currier v. Baker,* 51 N. H. 613; *Bosley v. Taylor,* 5 Dana, 157; *Stewart v. Goulden,* 52 Mich. 143; Brandt, Suretyship, 292, Story, Eq. Pl. § 169; *Voss v. Lewis,* 126 Ind. 155; *Johnson v. Vaughn,* 65 Ill. 425; *Jones v. Blanton,* 6 Ired. Eq. 115. The same ultimate remedy for the defendant could be obtained after judgment in actions at law as in suits in equity. He could pursue the nonresident surety for the share he ought to have paid, or he could wait until the insolvent surety has property sufficient to pay his share, and obtain reimbursement from him. *Boardman v. Paige,* 11 N. H. 431. By our statute (sec. 2884, R. S.) the plaintiff can take judgment against one or more of the parties jointly or severally liable who were served with process, although there may be other persons so liable who were not served by reason of their nonresidence. Any ultimate right the defendant may have can be reserved as well after a judgment at law as in equity. *Stein v. Benedict,* 83 Wis. 611; sec. 2884, R. S. The equitable doctrine would appear as reasonable in an action at law as in a suit in equity, and not at all inappropriate to such an action. By the following authorities, as well as by the above, these principles of equity have been enforced in actions at law: 4 Am. & Eng.

Ency. of Law, 4, and note; Wood's Mayne, Dam. 426; *Henderson v. McDuffee*, 20 Am. Dec. 559, and note; *Harris v. Ferguson*, 2 Bailey (S. C.), 397; *Burroughs v. Lott*, 19 Cal. 125; *Mills v. Hyde*, 19 Vt. 59; *Magruder v. Admire*, 4 Mo. App. 133; *Young v. Clark*, 2 Ala. 264; *Bushnell v. Bushnell*, 77 Wis. 436; 2 Suth. Dam. 576, 591. In England the judiciary act of 1873 has been held sufficient to destroy the distinction between actions at law for contribution and suits in equity for the same purpose. De Col. Guar. & Sur. marg. p. 307; Wood's Mayne, Dam. § 426; *Henderson v. McDuffee*, 20 Am. Dec. 561. Our statute (sec. 2600, R. S.) is very broad in its language abolishing these distinctions, as follows: "The distinction between actions at law and suits in equity, and the forms of all such actions and suits, have been abolished, and there is in this state but one form of action for the enforcement or protection of *private rights* and the redress or prevention of private wrongs, which is denominated a civil action." See, also, sec. 2644, R. S., as to forms of pleading. These sections were applied in *Peterson v. Stoughton Bank*, 78 Wis. 119, where the ruling of the circuit court, declining to express an opinion whether the action was for money had and received or for tort, was held not to be erroneous; and in *Stein v. Benedict*, 83 Wis. 611, where Mr. Justice PINNEY uses the following language in his opinion: "Now that the circuit courts exercise legal and equitable jurisdiction in the same action, and *may grant any relief which* could formerly be obtained, *either at law or in equity*, there is no necessity whatever for instituting a second action, when to do so would only tend to a multiplicity of suits, which the law abhors." In view of our statutes, and this language as to their effect, we may well hold, in harmony with the above authorities, that in an action at law the principles of equity allowing a surety who has paid the whole debt to recover against his cosureties who are solvent and reside in this state the same contribu-

tion as if they were all of the sureties bound, prevail. The verdict directed is according to these principles; the other guarantors being nonresident if not insolvent.

2. It is contended by the learned counsel of the appellant that the court erred in rejecting the offer to prove the want of consideration of the first note, and therefore of the second note also. This action is not brought on the note or on the guaranty. It is based upon the implied *assumpsit* or liability as between the guarantors, growing out of their relations to each other. This guaranty is of the payment of the *second* note. The original consideration was of the first note, and the original debt or obligation had already been incurred by the first note, and long before this guaranty was signed. It was therefore a separate, independent, and collateral undertaking, that must rest upon its own consideration, and the principal does not join in it. If not under seal, it must have an expressed consideration of its own. As in this case, it was "for value received." 9 Am. & Eng. Ency. of Law, 68, and many cases cited in note 2. "No question of consideration is involved in the contest between cosureties, for they enter into the undertaking without reference, as between themselves, to the consideration paid their principal. If his contract was entirely without consideration, the relative rights of these parties would be precisely the same, and on payment by one the right to contribution is called into existence." 1 Brandt, Suretyship, § 282; *Cave v. Burns*, 6 Ala. 780; *Fletcher v. Jackson*, 23 Vt. 581.

I have not specially considered the cases cited in appellant's brief apparently adverse to the cases and authorities above cited on the question whether the principles of equity should prevail in actions at law for contribution. We do not approve the reasoning of those cases, and prefer to follow the cases we have cited above, as being well considered and more reasonable. But we are disposed to hold

that our own statute abolishing the distinction between ac-
tions at law and suits in equity is conclusive of the ques-
tion.    This disposes of all the questions raised on the argu-
ment.

*By the Court.*— The judgment of the superior court is af-
firmed.