J. I. CASE THRESHING MACHINE COMPANY, Appellant, vs. JOHNSON, Respondent.

*October 9—October 26, 1909.*

*Sales: Breach of warranty: Rescission: Return of goods: Waiver: Authority of agent.*

1. A vendor by expressly refusing to receive back a machine after breach of warranty, as provided by the contract of sale, waives the return thereof to the place where received as a condition of rescission.

2. The evidence in this case as to the scope of the authority of a general agent of the vendor is *held* to sustain a finding that his act in refusing to receive back a machine was the act of the vendor, although the written contract of sale provided that no person had authority to waive, alter, or enlarge the contract.

3. Use of a machine by vendee by way of reasonable test only is no obstacle to a subsequent rescission of the contract of sale.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action on two promissory notes given by defendant for a corn husker and shredder manufactured by the plaintiff under an order containing a warranty as to quality and efficacy, but conditioned that, in case of failure to comply with the warranty, the plaintiff should have opportunity to supply any defective parts and to make all reasonable efforts to remedy the difficulty, the buyer to render necessary and friendly assistance, and, if then it cannot be made to fill the warranty, the part that fails to work should be returned by the purchaser free of charge to the place where received and the company notified thereof, and, at the seller's option, another substituted therefor that shall fill the warranty, or the notes and money paid should be returned and the contract rescinded and no further claim made. The defendant upon trial was unable to make the machine do as good work as guaranteed; one of the serious difficulties being the tendency of parts to work loose in course of the use of the machine. Two or three attempts to make it satisfactory were made with the claim on part of plaintiff's representatives that the result had been accomplished, and insistence on the part of defendant that even the degree of efficiency which had been accomplished by the experts disappeared with a very brief operation of the machine. Finally, after being quite thoroughly convinced that the machine was not up to warranty, defendant was induced by the general agent of the company to permit one more effort on plaintiff's part to make it satisfy the warranty, and accordingly an expert was sent and worked over and with the machine a day or two, until Saturday the 24th day of November, when the expert went away, claiming that the machine worked satisfactorily. It was then set up and in process of a job for one Cook. An attempt was made to work the machine Saturday afternoon, and again through the forenoon of Monday, although defendant asserts that he was not satis-

fied that it would work according to the warranty when the expert left at noon of Saturday. At noon Monday all attempt to use the machine was abandoned, the defendant procured another to do the work he had engaged, and on November 27th wrote the plaintiff's general agent that he could not make the machine come up to the warranty and was through with it, and closed with the words, "So you can let me know when you want to ship it, and please return my notes." To this the plaintiff replied, asserting that it was convinced that the machine worked up to the warranty and that it had done all required on its part, and that if there was any trouble with the working of the machine it was due to defendant's operation of it, and said: "Under these circumstances we cannot consider the return of the machine." Defendant did not return the machine to Hartland railroad station, where it was received, but stored it on the farm of a neighbor, where it has remained ever since. The court found substantially these facts and refused to find that defendant continued to use the machine after his final determination to reject it as not complying with the warranty; that the absolute refusal of the plaintiff to accept return of the machine absolved defendant from the duty of delivering it at the railroad station where obtained. Judgment was rendered dismissing the complaint, from which plaintiff appeals.

For the appellant there was a brief by *Cary, Upham & Black,* and oral argument by *J. J. Cook.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan* and *M. A. Jacobson.*

DODGE, J. The appellant contends against the judgment that defendant's right to rely upon breach of warranty was by the express terms of the contract dependent upon return of the machine to the place where received, which confessedly never took place. But it is found and established without

dispute that the defendant, when finally convinced of the defective character of the machine, notified plaintiff of that fact and asked its pleasure as to the time of returning it, implying his readiness to make such return according to the terms of the contract. To this the company, through its general agent, declared its determination to insist on the sufficiency of the machine and to refuse to accept its return in any way. It is a rule of law thoroughly established by many decisions that the positive declaration by one party of a determination which would render a prescribed act by the other futile excuses a specified performance or tender of that act. *Guetzkow v. Michigan Mut. L. Ins. Co.* 105 Wis. 448, 451, 81 N. W. 652; *Langnecker v. Trustees,* 111 Wis. 279, 87 N. W. 293; *Wuerfler v. Trustees,* 116 Wis. 19, 92 N. W. 433; *Swanke v. Herdeman,* 138 Wis. 654, 120 N. W. 414. Clearly the declaration of plaintiff's position that defendant had no right to surrender back the machine served to render any deposit thereof at the depot in Hartland futile and unreasonable and, we conclude, absolved him from the performance of that as a condition of his right to rescind for breach of warranty.

It is further contended in this connection that the authority of the general agent to waive any of the terms of the contract is not shown and is contradicted by the writing itself, which declares that no person "has authority to waive, alter, or enlarge this contract or to make any new or substituted or different contract, representation, or warranty. Salesmen, mechanics, or experts are not authorized to bind the company by any act, contract, or statement." There is some evidence of very general scope of the authority of the general agent in deciding and declaring the attitude of the company with reference to this machine and the plaintiff wholly refrained from offering any in contradiction of such authority. The court has found that the plaintiff company acted in this declaration made by its general agent, and we think such finding has support in the evidence offered by the defendant which the

plaintiff did not see fit to contradict. We therefore conclude that defendant's failure to actually transport the machine and leave it at Hartland is not an obstacle to his defense in this case.

2. It is further contended that defendant, after having finally decided that the machine was defective and did not satisfy the warranty, made use of it for his own benefit for parts of two days, and therefore is precluded from rescinding the contract for breach of warranty. Rules of law governing this subject were laid down, in the light of numerous citations, in *Fox v. Wilkinson,* 133 Wis. 337, 113 N. W. 669. The trial court evidently considered that the use made of the machine by defendant, after plaintiff's last effort to make it satisfy the warranty, was only by way of reasonable test, for he refused to find that it was an appropriation of the machine to defendant's own use and benefit consistent only with the attitude of ownership. The evidence, while perhaps ambiguous, preponderantly supports the former view. There is in such conduct, therefore, no obstacle to defendant's subsequent rescission of the contract of purchase.

*By the Court.*—Judgment affirmed.