BAUMANN, Respondent, vs. METROPOLITAN LIFE INSURANCE
COMPANY, Appellant.

*November 18—December 6, 1910.*

*Life insurance: Forfeiture: Nonpayment of premium: Tender: Es-
toppel: Cancellation of policy: Notice.*

1. In an action on a life insurance policy which had been canceled
   on the books of the company for nonpayment of a premium, the
   evidence is *held* to support a verdict finding, in effect, that
   plaintiff went to an agent of the company authorized to deal
   with her on the subject, that she offered to pay him the pre-
   mium in question before it became due, and that she was de-
   terred from making such payment by conduct or statements on
   the part of such agent which induced in her an honest belief
   that a failure to then make the payment or tender would not
   be relied upon by the company to work a forfeiture of the pol-
   icy; and upon such facts plaintiff is entitled to recover.
2. After the policy in such a case had been canceled by the com-
   pany and plaintiff had knowledge thereof, no duty devolved
   upon her to tender subsequent premiums.
3. It is immaterial in such a case that the company did not prop-
   erly or credibly inform plaintiff of the cancellation: it is
   enough that the information came to her and was true.

APPEAL from a judgment of the circuit court for Racine
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action upon a life insurance policy which contained the
following conditions:

"Premiums are payable at the home office in the city of
New York, but at the pleasure of the company suitable per-
sons may be authorized to receive such payments at other
places, but only on the production of the company's receipt
signed by the secretary and countersigned by the person re-
ceiving the payments."

"The contract between the parties hereto is completely set
forth in this policy and the application therefor taken to-
gether, and none of its terms can be varied or modified nor
any forfeiture waived or premiums in arrears received except

by agreement in writing signed by either the president, vice-president, secretary or actuary, whose authority for this purpose will not be delegated. No other person has or will be given authority."

Other facts are stated in the opinion. The jury returned a general verdict for plaintiff, and from a judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* counsel, and oral argument by *Jackson B. Kemper.* They cited *Gish v. Ins. Co. of N. A.* 16 Okl. 59, 87 Pac. 869, 13 L. R. A. N. S. 826, note; *Carey v. German Am. Ins. Co.* 84 Wis. 80; *Hankins v. Rockford Ins. Co.* 70 Wis. 1; *McElroy v. Metropolitan L. Ins. Co.* 84 Neb. 866, 122 N. W. 27; *Northern Assur. Co. v. Grand View Bldg. Asso.* 183 U. S. 308, 22 Sup. Ct. 133; *Manhattan L. Ins. Co. v. LePert,* 52 Tex. 504.

For the respondent there was a brief by *Fish & Storms,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *T. W. Spence.* They cited *Merrick v. N. W. Nat. L. Ins. Co.* 124 Wis. 221, 226; 28 Am. & Eng. Ency. of Law (2d ed.) 36, and cases cited; *Slesinger v. Bresler,* 110 Mich. 198, 68 N. W. 128; *Barnett v. Gluting,* 3 Ind. App. 415, 29 N. E. 927; *Hansen v. F. & P. M. R. Co.* 73 Wis. 346; *Knoebel v. North Am. Acc. Ins. Co.* 135 Wis. 424, 428; *Seidel v. Equitable L. Assur. Soc.* 138 Wis. 66, 119 N. W. 818, 820; *Guetzkow v. Michigan Mut. L. Ins. Co.* 105 Wis. 448, 451, 81 N. W. 652.

VINJE, J. The only error relied upon is that there were no facts proven to sustain a judgment in favor of plaintiff.

There is evidence to sustain a finding of these facts: The policy was issued October 13, 1904, on the life of plaintiff's husband, and the first semi-annual premium was paid. The second semi-annual premium became due April 13, 1905. A short time prior thereto the plaintiff went to the office of the

company and offered to pay the premium, saying that she had already paid it to a man she supposed to be the company's agent, but had not received a receipt, and that she was ready and willing to pay it again. The office she went to was that of the district superintendent of the company, located in the Wolff Building, in Racine, and had the name *Metropolitan Life Insurance Company* on the door. This office was occupied by the district superintendent, Mr. John B. Comer, and the assistant superintendent. They had authority to receive, and receipt for, premiums. Plaintiff was unable to identify the man with whom she talked. She was told not to pay the premium then; that they would look the matter up and notify her. About the time the premium became due she went to the same office again and told the man that she would like to pay the premium over again, for the agent had taken her money and had not given her a receipt for it. He thereupon told her he was not allowed to take it, but would notify the company and let her know about it. A week or so later she spoke to other agents of the company, Fritz and Redfield, at her house. The latter came every month to collect premiums on an industrial policy she held in the same company. He told her he could not receive the premium, but would look it up and attend to it. She spoke to him right along about the matter and he gave her the same answer, and at last said he could not take the money because he thought the policy had lapsed. On May 22, 1905, the policy was canceled on the books of the company for nonpayment of premium. The insured died August 16, 1908.

The trial court instructed the jury as follows:

"In order that she may recover in this action, the plaintiff must satisfy you, by the preponderance of the credible evidence, that she went to the defendant's authorized agent prepared to pay the premium in question, made known her desire to pay the same to such agent, and was only prevented or deterred from making such payment, or making lawful tender, by conduct or statements on the part of such agent which rea-

sonably led her, the plaintiff, to honestly believe that failure to make such payment or such tender at such time would not be relied upon by the defendant to work a forfeiture of the policy, and that she relied upon such conduct or representation, and therefore did not make a payment or tender of the premium at that time."

In returning a verdict in favor of plaintiff under this charge and the evidence, the jury in effect found that plaintiff went to an agent of the defendant authorized to deal with her on the subject; that she offered to pay him the premium before it became due; that she was deterred from making such payment by conduct or statements on the part of such agent which induced in her an honest belief that a failure to then make the payment or tender would not be relied upon by the company to work a forfeiture of the policy. We cannot say that such a finding rests upon evidence so unsatisfactory that this court can set it aside. It is true there is a conflict in the evidence, but the jury resolved such conflict in favor of the plaintiff, and we cannot disturb the result they reached. The conflict consisted mainly in the denial by the superintendent, Comer, that he had ever had such conversations with plaintiff as she testified were had by her with some one in his office, and in the testimony of the agent Redfield that he had called upon her at her house to collect the premium, but that she refused to pay it, and also in the testimony of an agent, Geise, who said that she had told him her husband had canceled the policy.

It is urged that the plaintiff was not credibly informed that the policy had been canceled by the company. It is an admitted fact, however, that the company did cancel the policy on the 22d of May, 1905, for nonpayment of premium, and it cannot now be heard to say that it did not properly or credibly inform her of the fact. The information did come to her, and it was true. That is enough. After the policy was canceled and the plaintiff had knowledge thereof, no duty de-

volved upon her to tender subsequent premiums. *Guetzkow v. Michigan Mut. L. Ins. Co.* 105 Wis: 448, 81 N. W. 652; *Langnecker v. Trustees A. O. U. W.* 111 Wis. 279, 87 N. W. 293; *Wuerfler v. Trustees W. O. D.* 116 Wis. 19, 92 N. W. 433; *J. I. Case T. M. Co. v. Johnson,* 140 Wis. 534, 122 N. W. 1037.

Plaintiff remitted from the verdict the amount of the unpaid premiums from April, 1905, to the date of death of insured, with six per cent. interest from the time each became due according to the terms of the policy.

*By the Court.*—Judgment affirmed.

TIMLIN, J., dissents.