Clune, Respondent, vs. Catholic Order of Foresters, Appellant.

*June 2—June 23, 1920.*

*Insurance: Tender of dues after notice of suspension from beneficial order: Overpayments made under mistake to be applied on member's account: Forfeiture upon change to more hazardous employment: Acceptance of dues as waiver.*

1. Where a member of a beneficial order, without obtaining a permit from the order, engaged in a business which was a hazardous risk under the rules of the order, and paid double monthly dues, as he would have been required to do in case he had secured a permit, such payments during the time he had no permit would not have operated to prevent a forfeiture of the contract, had the order insisted upon it; but the order, by receiving such payments knowing the facts, waived the forfeiture.

2. Although the order, by receiving for a period of six months the double monthly dues, waived its right to forfeit the contract

because the member had not, in addition to paying double dues, secured the order's permit to engage in such business, yet, since he was required to pay such double dues only from the time the permit was granted him, he overpaid during such six months; and the order could not insist upon retaining such overpayments, they having been made under a mistake of fact, and was bound to account for them and apply them, to prevent a forfeiture, upon subsequent monthly payments until exhausted.

3. Where, after such member was notified of his suspension from the order because of nonpayment of dues, and his dues were tendered until the plaintiff, his wife, was informed by the order that he was no longer a member, she was under no duty to tender further dues.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action upon a benefit certificate for $2,000 issued by the defendant order in 1901 to the deceased husband of plaintiff.

The defense was that in May, 1916, the deceased was lawfully suspended from the order because of the nonpayment of his March, 1916, dues and that he had never been reinstated. The trial court took an accounting of payments made by the deceased almost from the time of the issuance of the certificate until his death, so far as the books of the company would permit, and found that in March, 1916, the deceased had overpaid the order sufficiently to carry him many months beyond the time of his suspension. The court also found that during almost the whole life of the certificate the deceased had paid when long in arrears without any intimation that by so doing he had incurred any suspension, and held the order estopped from claiming a forfeiture even if the March, 1916, dues were not paid. Judgment for $2,000 less $28.15 due the order was entered in favor of plaintiff, and the defendant appealed.

For the appellant there was a brief by *Morgan & Benton* of Appleton, attorneys, and *E. S. Cummings* of Chicago, of counsel, and oral argument by *John Morgan.*

*L. P. Fox* of Chilton, for the respondent.

VINJE, J.   We find it unnecessary to discuss many of the questions presented by the briefs of counsel for the respective parties or to set out in detail all the facts upon which they rely, because of the existence of certain facts that are uncontradicted and control the case.   No other prior ground of suspension than the delinquency of the March, 1916, dues is urged.   If that fails then the suspension was unlawful.

It is undisputed that Clune went into the saloon business July 1, 1915, and from such date till January 1, 1916, when he received a permit from the order to engage in such "hazardous risk," he paid double monthly dues of $6.52 each.   Under the rules of the order he was required to pay such dues only from the time the permit was granted him. The result is he overpaid for a period of six months and would not have been in arrears had he made no payments from January 1, 1916, to the time he was suspended.   On the other hand, that he made payments up to March, 1916, is conceded by defendant.   This item of overpayment alone shows that his dues were fully paid for March, 1916, and that he was unlawfully suspended.   True, as stated by the trial judge, the overpayments during the time he had no permit did not operate to prevent a forfeiture of the contract because he had no permit had the order insisted upon it.   But it did not.   It received the payments knowing the facts and must be deemed to have waived the forfeiture.   It could not, however, insist upon retaining the overpayments without giving him credit for them.   Such payments were made under a mistake of facts and it was the duty of defendant to account for them. , *Peterson v. Stoughton State Bank,* 78 Wis. 113, 47 N. W. 368.

In view of this state of the case we find it unnecessary to go back prior to July 1, 1915, in the account.   After he was notified of his suspension, dues were tendered until plaintiff was informed by the order that her husband was no longer a member of it.   From that time she was under no

duty to tender further dues. *Langnecker v. Grand Lodge A. O. U. W.* 111 Wis. 279, 87 N. W. 293; *J. I. Case T. M. Co. v. Johnson,* 140 Wis. 534, 537, 122 N. W. 1037; *Baumann v. Metropolitan L. Ins. Co.* 144 Wis. 206, 128 N. W. 864.

*By the Court.*—Judgment affirmed.