## FENLEY v. CRAWFORD.    (No. 1274.)

(Court of Civil Appeals of Texas. El Paso. Jan. 26, 1922. Rehearing Denied Feb. 23, 1922.)

1. Sales ☞38(3) — Representation as to capacity of drilling machine held material.

Representation by seller of well-drilling machine that it would drill a well to a depth of 750 feet was a statement of material fact, and not an expression of opinion, and warranted rescission where it was made with the intention that it be acted upon and was relied upon and induced the sale.

2. Sales ☞124—Purchaser not bound on rescinding for fraud to return property, where seller refuses to receive.

Where a purchaser elects to rescind because of a fraudulent representation, he must offer to return the property received, but where the seller unqualifiedly refuses to accept an offer by letter to return the property, and elects to stand upon his contract, there is no necessity for a manual production and a proffer of the property or a formal tender of it.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by J. R. Fenley against C. P. Crawford. Judgment for defendant, and plaintiff appeals. Affirmed.

M. W. Stanton, of El Paso, for appellant.

Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J.    J. R. Fenley sued C. P. Crawford to recover the sum of $700, the unpaid balance of the purchase price of a well-drilling machine and certain parts used therewith in drilling wells, such as wire cable, gasoline engine with cooling tank, drill bars, drill bits, etc., alleging that Crawford had refused payment.

Crawford answered by general denial, and specially that Fenley, prior to the time of the sale of the well machinery to him, was thoroughly familiar with and experienced in drilling wells and well-drilling machinery, and prior to and at the time he (Crawford) executed the contract of purchase of the machine, and represented and stated to him (Crawford) that the well-drilling outfit was of such strength, capacity, quality, and character and so equipped that it would drill the well upon which the rig was then being used to a depth of 750 feet, and to even a greater depth, if a greater depth was desired; that Fenley knew at the time he made such statements to him that he (Crawford) was required under the terms of a lease upon which said well was being drilled to drill the well to a depth of 700 feet; that he (Crawford) relied upon said representations and believed, at the time he executed said contract, that the statements were true, and would not have executed the contract except for said statements as to the capacity of said machinery.

Crawford alleged that said statements were untrue and were fraudulently made, and that Fenley knew them to be false when made and knew that he was making them fraudulently for the purpose of inducing him (Crawford) to sign the contract; that the drilling outfit was only capable of drilling a well to a depth of 325 feet, and that to drill said depth he was compelled to make numerous repairs on said rig and outfit. He alleged that he knew nothing as to the capacity of the drilling outfit and relied upon the statements of Fenley with reference thereto. He alleged that as soon as he had given the machinery a reasonable trial and found the rig not as represented he so notified Fenley, and that he could no longer use the well outfit, and that same would be of no further use to him, that he would not pay any further sum under the contract, and that he was holding the machinery subject to Fenley's order and disposition, and tendered a rescission of the contract; that Fenley refused to take possession of the machinery, etc.

Fenley replied by exceptions, general denial, and special denial as to said statements.

The case was tried with a jury and submitted upon special issues. The jury found:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

First. Fenley represented to Crawford that the drilling rig and outfit was capable of drilling to a depth of 750 feet.

Second. Crawford relied upon said statements in signing the contract.

Third. The statements were made by Fenley for the purpose of inducing Crawford to execute the contract.

Fourth. Crawford would not have signed the contract except for the fact that he relied upon the representations.

Fifth. The drilling rig and outfit was not capable of going to a depth of 750 feet.

In response to special issue No. 5 requested by Crawford the jury found that Crawford, at the time of making the contract, did not have notice that the well-drilling outfit did not have the strength and capacity and was not capable of drilling a well where it was then set up and located to a depth of 750 feet.

On motion of Fenley the court made a number of findings of fact not submitted to the jury. The findings, in view of the final disposition made of the case by the court, we think, are immaterial, unless the ninth finding could have the effect to change the general result reached, which we will later discuss. The ninth finding is to the effect that Crawford "failed to show that he in any manner placed the plaintiff in statu quo, or did acts necessary so to do, as to tender and redelivery of the property, but the defendant left and abandoned the property at the place where it was."

The court rendered judgment that Fenley take nothing by his suit. Crawford had filed a cross-action to recover a part of the money paid on the contract of purchase of the machinery and other matters not necessary to state, and judgment was rendered that he take nothing on his cross-action and decreed Fenley title to the machinery. Fenley prosecutes this appeal.

[1, 2] Under the first five propositions appellant contends that it was error to submit any issue of fact to the jury. We do not concur in the opinion expressed by appellant in the propositions. The pleading of the appellee is a sufficient tender of the issues submitted to the jury, and the evidence found in the record is sufficient to support the several findings made by the jury. The allegations of fraudulent representations made by Fenley to Crawford, as alleged and found by the jury, inducing the purchase of the well machinery by Crawford, were statements of material facts, and not expressions of opinion, and if, as found, they were untrue, and by Crawford relied upon as being true, and induced the purchase of the machinery and the execution of the contract sued upon, the law relieves the purchaser by a rescission of the contract or a suit for damages at the election of the purchaser. Where the purchaser elects to rescind, as here, he must offer to return the property received under the contract. The evidence shows that appellee notified the appellant of his election to rescind and return the property, and that appellant, by letter, unqualifiedly refused to accept the tender of the return of the property, and elected to stand upon his contract and demanded a full compliance with its terms. The position assumed by appellant, we think, obviates the necessity of a manual production and proffer of the property or a more formal tender of it. The law does not require a vain thing. By the refusal of appellant to accept the tender and rescission he waived a manual production or delivery of the property.

Black on Rescission and Cancellation, § 623, pp. 1437 and 1438. The rule seems to be well settled that, where a seller clearly declares to a buyer his intention to insist on a sufficiency of a machine sold to him, and refuses to accept its return in any way, the buyer need not return it to the place where it was received, as a condition precedent to his right to rescind. Sanitary Mfg. Co. v. Gamer, 201 S. W. 1068. See, also, J. I. Case Threshing Machine Co. v. Johnson, 140 Wis. 534, 122 N. W. 1037, by the Supreme Court of Wisconsin, where it is held to be a rule of law thoroughly established that a positive declaration by one party of a determination which would render a prescribed act by the other futile excuses a specified performance or tender of that act, citing cases.

Without discussing the numerous cases to which appellant refers us, we think they are clearly distinguishable both in pleadings and facts from the instant case. In Alamo Auto Sales Co. v. Herms, 184 S. W. 740, the first case relied upon, Chief Justice Fly said that Herms obtained exactly what he contracted for, and that, to escape payment, he sought a rescission of his contract. In Southern Gas & Gasoline Engine Co. v. Adams & Peters, 169 S. W. 1143, no fraud was charged, and appellees continued to use the machine for some eight months after they discovered that the machine would not develop the power warranted, and then, when sued for the balance of the purchase price, based their defense upon certain warranties as to the power of the machine and of its material and workmanship. The case was decided under the oft-repeated rule that a defrauded party must disaffirm the contract at the earliest practical time after the fraud is discovered, and that he must return or offer to return whatever he has received from the other party, and, if he retains the purchased article and continues to use it after discovery of the fraud or breach of warranty that induced the purchase, the right to rescind is waived and the contract reaffirmed. A casual examination of the cases referred to discloses that they are distinguishable from the case before us.

The evidence shows that the machinery was on the property where the drilling was

to be done when Crawford made the contract of purchase, and that when Crawford undertook to rescind the contract and tender 'it back to Fenley, and on Fenley's refusal to accept a rescission of the contract and return of the property, Crawford did nothing more with the property. The court in its judgment decreed that Fenley have title and possession of the machinery.

What we have said above is a sufficient answer to a number of appellant's propositions and subpropositions insisting that the court was in error in rendering judgment and refusing to direct a verdict in Fenley's favor in view of the court's ninth finding above stated. As said above, when Fenley refused to accept the proffered rescission and tender and elected to stand on the contract, he thereby waived what otherwise might have been the duty of Crawford. He thereby virtually said to Crawford, The property is not mine but yours, and do with it as you please.

We have carefully considered the propositions presented by appellant in his brief, both as to the questions of law and fact, and have concluded that they present no reversible error. They are overruled. The issues presented by the court to the jury and their findings thereon are sufficient to sustain the judgment rendered.

Finding no reversible error, the case is affirmed.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 12, 1922.