HARMS, Respondent, vs. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

*October 12—November 16, 1948.*

For the appellant there was a brief by *Bloodgood & Passmore* and *William E. Burke,* all of Milwaukee, and oral argument by *Mr. Burke.*

*Floyd E. Jenkins* of Milwaukee, for the respondent.

WICKHEM, J.   On November 22, 1944, defendant issued a policy of insurance to Bayard E. Hatch, Jr., naming plaintiff, Josephine Hatch (Harms), his mother, and Bayard Hatch, his father, as beneficiaries.   The annual premium was $95.90 subsequently divided into four quarterly premiums of $25.40 each.   The first premium was paid when due; the second due on February 22, 1945, was paid on March 14th

of that year; the third due on May 22, 1945, was never paid. There was a thirty-one-day grace period in which an insured could pay any premium after its due date, the policy to remain in force during this grace period. The grace period for the quarterly payment in question expired on June 22d and the insured died on July 3d, twelve days thereafter. Bayard Hatch died subsequent to the commencement of this action and plaintiff Josephine Hatch remarried.

The circumstances which raise the precise point involved in this case are as follows: The insurance in this case was solicited by an agent of defendant named Balestrieri who collected the first two premiums and called at plaintiff's house on June 20, 1945, to collect the last quarterly premium. This was two days before the expiration of the grace period. Defendant's agent informed Mrs. Hatch that he had come to collect her son's insurance. She told him that the son was sick and would not have a pay check until July 5th and that she would have to pay the premium herself although she wished that the youngster would pay for his own insurance. She extracted three ten dollar bills from her pocketbook and told the agent that he might as well take it. The agent declined and said that he would hold the matter open until the tenth of July so that the boy would have a chance to pay it. As he left plaintiff said, "Well, Mr. Balestrieri, it's right here," and the agent said, "It's all right, Mrs. Hatch. I will hold it open until the 10th of July."

The jury found that plaintiff Josephine Hatch offered to pay and that the agent put off the matter as above indicated.

It is contended by appellant that the agent having no authority to issue policies could not grant an extension of time for the payment of a premium. This contention misses the point and the case is governed adversely to appellant by *Baumann v. Metropolitan Life Ins. Co.* 144 Wis. 206, 209, 128 N. W. 864. The point is that the amount of the premium was offered to a collecting agent of the company who

declined to take the money and under those circumstances it must be held that plaintiff was "deterred from making such payment by conduct or statements on the part of such agent which induced in her an honest belief that a failure to then make the payment or tender would not be relied upon by the company to work a forfeiture of the policy."

It is next contended that the court erred in admitting evidence that Balestrieri had occasionally or frequently collected premiums upon plaintiff's own policy of insurance subsequent to the month during which the premiums fell due. It is claimed that this is not enough to show a general custom and that it is wholly immaterial to any issues involved in this case, at least in the absence of a showing as to the provisions of the personal policy of Mrs. Hatch.

This is a close question but we are of the view that the evidence tends to prove that plaintiff had good cause to believe that she was dealing with the company in the person of the agent or that the acceptance of premiums after the grace period had expired was a customary and usual thing. In any case we consider that its admission did not prejudice defendant.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.