## CLARENDON ROYS vs. HENRY LULL, Appellant.

APPEAL FROM CIRCUIT COURT, COLUMBIA COUNTY.

Heard Sept. 24.]                    [Decided Oct. 11, 1859.

*Pleadings—Justification—Practice—Answer.*

Under the old system of pleading a plea of justification under an execution and judgment of a justice of the peace, is not sufficient if it only averred generally, that the justice had jurisdiction, but it should also set forth the facts necessary to show the jurisdiction.

The code, § 23, chap. 125, R. S., 1858, allows the pleading to aver generally, that the judgment of a court or officer of special jurisdiction, was "duly made and given," but if this allegation be controverted, the party pleading the judgment is required to establish, at the trial, the facts showing the jurisdiction.

An answer averring that proceedings were had before a justice of the peace, which were "terminated by a judgment being duly rendered," &c., is a sufficient allegation of the existence of the judgment or proceeding before the justice, to warrant the introduction of evidence showing jurisdiction; and such answer is put in issue by the code, § 32, chap. 125, without any replication, and the facts of jurisdiction must be proved.

Roys vs. Lull.

This was an action commenced by the respondent against the appellant, and one Carlos Hazard, a constable of the town of Hampden, in Columbia county, for trespass to personal property, in taking and carrying away a horse, of the value of $125, &c. The answer of the defendants admitted the taking, &c., but denied the value; and set up by way of justification, that at the town of Hampden such proceedings were had on behalf of the town against Roys, under, and in pursuance of the provisions of chap. 16, of the Rev. Stat. (relating to opening highways), before G. W. Tripp, a justice of the peace for the county, &c., which were terminated by a judgment being rendered by said justice on the 16th of June, 1858, in favor of the town of Hampden against Roys, for $12, 54 costs, on which execution was duly issued, directed to any constable of the county; that the execution came regularly into the hands of said defendant Hazard, as constable, and that the horse was seized and sold under and by virtue of the execution, for the purpose of satisfying the same, and the execution was paid, and they had offered to refund the balance to the plaintiff, which he had refused to accept; that defendant Lull was chairman of the board of supervisors of the town, and had no further connection in the matter than in his official capacity, as the agent of the town.

On the trial the plaintiff proved the taking of the horse by Hazard, that he was directed to do so by Lull, who indemnified him in doing the act. The value of the horse was also proved. On the part of the defendants it was proved that Hazard was a constable; that Tripp was a justice of the peace in the town of Hampden. They then offered to read the execution, upon which the horse was taken. The plaintiff objected to its admission, because: 1. The taking is admitted by the answer. 2. The answer does not set out facts sufficient to admit its introduction. 3. The execution is offered generally, as a protection to *both* defendants. 4. The defendants have laid no foundation for its introduction in evidence. The objections were overruled, and the execution read in evidence. The plaintiff introduced evidence tending to impair the validity of the judgment of the justice. The court found the constable Hazard not guilty; and found against the defendant Lull, for the value of the horse, $125, and judgment was entered accordingly; from which Lull appealed to this court.

*Alvah Stewart* and *S. U. Pinney*, for the respondent.

*By the Court,* PAINE, J.   The judgment in this case must be affirmed.   The defendants below attempted to justify the taking of the plaintiff's horse under an execution issued by a justice of the peace.   Under the old system of pleading it was well settled that in order to establish such a justification the party must aver, and prove on execution and judgment, in a case or proceeding in which the justice had jurisdiction, as no presumptions were made in favor of the jurisdiction of inferior magistrates, and it was not sufficient to aver generally, that the justice had jurisdiction, but the facts showing it must have been set forth.

The code contained a provision which is now found in § 23, chap. 125, R. S., 1858, which authorizes the party in pleading the judgment, or other determination of a court or officer of special jurisdiction, to set forth that it was " duly made or given ;" and also provides that if this allegation be controverted, the party pleading shall be bound to establish, at the trial, the facts showing jurisdiction.

The authorities hold that where the party resorts to this general mode of pleading, he must use, if not the precise language of the statute, at least that which has the same signification.   The answer in this case avers that proceedings were had before a justice, which were terminated by a "judgment being duly *rendered,*" &c.   We think this language equivalent to that of the statute, and that it must be considered a sufficient allegation of the existence of the judgment or proceedings before the justice, to have warranted the introduction of evidence showing jurisdiction.   Were the defendants, then, bound to produce such evidence at the trial ?   This would depend on whether the averment that " the judgment was duly rendered," is to be deemed " controverted."   And to determine this it will be necessary to consider § 15, chap. 125, which provides for a reply only where a counterclaim is set up in the answer, and § 32 of the same

chapter, which provides that allegations of new matter in the answer not relating to a counter claim, "shall be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require." It is clear that the justification set up in this answer, under the execution of the justice, does not amount to a counter claim. It is equally clear that it is not matter set up by way of justification. And under the provision of § 32, it was, therefore, to be deemed controverted, as though the plaintiff had expressly replied, denying that " the judgment was duly rendered."

Section 23, taken alone, would seem to indicate that when such a judgment is pleaded, the opposite party should in some manner expressly controvert it, unless he intends to relieve the party pleading it from the necessity of proving the jurisdiction at the trial. And if it should happen that the plaintiff's right of action was based upon such a judgment, and he should plead it in this manner, it would undoubtedly be necessary for the defendant to controvert it in his answer, in order to compel the plaintiff to prove it at the trial. But where the defense rests on such a judgment, and it is set up in the answer, it would seem that under § 32, it is to be deemed "controverted" in all cases, so that the defendant must always be ready to prove the jurisdiction. It certainly seems a very idle ceremony to provide, as if with a design of giving the party some benefit, that he may plead a judgment in this general way, and need not prove it unless it is controverted; and then to provide that it should always be deemed controverted. But such seems to be the law, so far as a defense under such a judgment is concerned. The provisions of § 32, are not in harmony with the general spirit, or with the philosophy of pleading, which requires each party to give notice to the other of the various matters relied on in support of the action or defense. For this section allows either to avoid the allegations of the other, without giving

any notice of the matter by which it is to be done. But we must take the law as we find it, and we think that under this section the allegation in the defendant's answer that there was a judgment duly rendered, was to be deemed controverted, and that it was incumbent on them to have shown a judgment, and jurisdiction in the justice to render it. But there was an entire failure of such proof. They offered only the execution, which was of no' avail without showing the right of the magistrate to·issue it.

We see no error in the record of which the appellant can complain. The judgment is affirmed with costs.