## ODIORNE *v.* MOULTON & *a.*

An agreement made by four legatees named in a will, in equal parts to aid, comfort, and take care of the testatrix, and defray the expenses of her sickness and funeral, entitles one of the four who, with the knowledge and acquiescence of the others, has furnished more than an equal part of care, nursing &c., to a ratable contribution from the others.

BILL IN EQUITY.   In 1875, Mary Blasdell of Portsmouth made

her will, bequeathing her property in equal shares to the plaintiff, Mrs. Odiorne, and the defendants, Mrs. Moulton, Mrs. Henderson, and Mrs. Gerrish. At the same time the legatees executed an agreement in writing whereby, in consideration of the will, they mutually undertook "in equal parts to aid, comfort and take care of [the testatrix] in her sickness, and in like portions to defray the expenses incident to her sickness, and the expenses of her funeral." From that time to the time of her death, which occurred in 1884, Miss Blasdell, by reason of her age and infirmities, was in need of more or less care and nursing, which was provided by the plaintiff and Mrs. Moulton during the first year, and mainly by the plaintiff afterwards. Mrs. Henderson and Mrs. Gerrish furnished no special care or attention to Miss Blasdell, and were never requested to furnish any either by Miss Blasdell or the plaintiff. The value of all the services rendered in caring for Miss Blasdell was $1000, of which $50 was furnished by Mrs. Moulton and $950 by Mrs Odiorne. The plaintiff asks for contribution from the defendants; and if the bill can be maintained she is entitled to a decree for $700, $200 to be paid by Mrs. Moulton, and $250 each by Mrs. Henderson and Mrs. Gerrish. The defendants moved to dismiss the bill.

*Frink & Batchelder*, for the plaintiff.

*C. Page*, for the defendants.

DOE, C. J. Services which Miss Blasdell needed, and which were to be rendered or paid for by the four signers of the contract, were performed by two of them. There was no express or implied agreement that she was to demand of each of the four a quarter of everything she needed, or that each of the four was to furnish a quarter part of every item of necessaries, or that each, before doing anything in fulfilment of the contract, was to call upon the other three for contribution in advance. It is agreed in argument that the four knew, when they made the contract, that their abilities and opportunities for rendering personal service were not equal, and never would be. It was necessarily understood that unequal services properly rendered in performance of the contract would be equalized by contribution. There is no evidence of fraud, concealment, or unfairness. All the parties were apparently aware of the fact that the plaintiff was doing more than her share, and no one had any reason to suppose she was gratuitously performing a contract which the four agreed to perform "in equal parts." Her rendition of service does not appear to have been a fact peculiarly within her own knowledge, and there are no facts that required notice. *Watson* v. *Walker*, 23 N. H. 471.

*Decree for the plaintiff.*

CLARK, J., did not sit: the others concurred.