## Thomas C. Power *v.* William M. Rees, Appellant.

*Partnership—Ships and shipping—Admiralty—Partnership settlement.*
Where a decree in admiralty is entered against several persons as joint owners of a boat, and one of them is compelled to pay the whole decree, he may enforce, by an action at law, contribution from the other owners; and they cannot set up as a defense that the plaintiff had been a partner with them in the business of the boat, and that there had been no partnership settlement, it appearing that the defendants themselves had not asked for nor demanded any such settlement for fifteen years after the partnership had been dissolved.

Argued Nov. 14, 1898.   Appeal, No. 130, Oct. T., 1898, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1892, No. 344, on verdict for plaintiff.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit to enforce contribution.   Before WHITE, P. J.

At the trial the jury returned a verdict in favor of the plaintiff for $3,719.65.

On a motion for a new trial WHITE, P. J., filed the following opinion, from which the facts appear:

The plaintiff, the defendant, James McGarry and Joseph McKnight were owners of the steamboat Butte, the plaintiff owning one-half interest, the defendant one-fourth and Mc-Garry and McKnight each one-eighth. In 1879, the boat was on the Missouri river at Bismark. Needing repairs a contract was made with parties to haul it out and repair it. The steamboat McLeod was about being drawn out also for repairs, November 17, 1879, when the Butte slipped from its fastenings, struck the McLeod and destroyed it. July 1, 1881, the owners of the McLeod filed a bill in admiralty in the United States district court of Minnesota, for the value of the boat, charging it was destroyed by the negligence of the owners of the Butte, all of whom were made defendants in the bill. The plaintiff was arrested and had to give bail for the payment of any damages that might be recovered. On October 15, 1883, libellants got a decree for $9,572.82. On appeal to the Supreme Court of the United States the decree was affirmed June 1, 1888. The plaintiff had to pay on the decree $8,417.74. This action is to recover from defendant his one fourth of that sum and also his share of the expenses connected with said proceedings. This action was commenced June 3, 1892. The Butte was burned and totally destroyed in 1883.

The defense at the trial was that the owners of the Butte were partners as to its earnings; that the plaintiff was the general manager; he had never made a final settlement, and on final settlement would owe the defendant a large sum of money; that the plaintiff cannot maintain this common-law action, he should have filed a bill in equity when all the partnership accounts could have been settled. At the trial I allowed evidence to be given as to the partnership, who were the partners, and their respective interests. The evidence was that only the four persons were partners and that their respective interests were precisely the same as their interests as tenants in common of ownership in the boat. But I excluded all evidence tending towards a settlement of the partnership accounts.

The admiralty proceeding in the United States district court of Minnesota was against the owners of the boat, and not against them as partners in its business. The decree was against them as owners of the boat. The defendant knew of the proceedings in admiralty in 1881, for that is not denied in his affidavit of defense filed June 27, 1892. He also knew of all the proceedings in that case to final decree in 1888, for none of these are denied. In that affidavit of defense he set up the partnership as a defense, and claimed a large sum to be due by the plaintiff to him on a settlement of accounts. He knew that the boat had been burned and destroyed in 1883, and of course he knew that that was a dissolution of any partnership in the business of the boat. Why did he not commence proceedings for a settlement of the partnership accounts? In 1883, the admiralty proceedings were pending. He waited five years until that case was finally decided against him and the other owners. He did not pay his share of the decree, and let the plaintiff pay the whole. He waited four years longer without contributing his share of the decree, or commencing any proceedings to have a settlement of the partnership accounts. He does nothing for nine years after the partnership was dissolved (by the burning of the boat) before he sets up any claim that the plaintiff owes him, and then only when he is sued for his contribution for what the plaintiff had to pay on the decree in admiralty. Even after this suit was brought, until the trial, six years later, he commenced no proceedings for a settlement of the partnership accounts. Thus he neglected for fifteen years to commence any proceedings to settle the partnership accounts or to collect the $5,000 he says the plaintiff owes him. After this long delay it is too late to call upon the plaintiff to settle the partnership account.

But it is contended that the plaintiff should have filed a bill instead of bringing a common-law action. Why? The plaintiff's claim for distribution for what he had to pay in the admiralty court had nothing whatever to do with the partnership or the business of the boat. If he owed nothing on the partnership account, a bill would have been unnecessary and improper, a common-law action for contribution was the proper proceeding. The defendant alleges he would owe him $5,000 on a settlement of the partnership accounts, and this is claimed

as a set-off in this action. The burden of proof is on the defendant. That could be ascertained by a regular proceeding to settle the accounts; it could not be done as a defense in this action. The defendant could have filed his bill at any time after the destruction of the boat in 1883. And after this action was brought in 1892, the defendant could have filed his bill in this court, and although the plaintiff lived in a distant state, yet having his action here against the defendant, the court would have aided him in getting service on the plaintiff and compelling an answer, or at least postponed the trial of this case until an answer would be filed.

In any and every aspect of the case I cannot see any good or valid defense the defendant has, or any benefit a new trial would be to him. New trial refused.

Judgment was entered upon the verdict.

*Error assigned* was in submitting the case to the jury.

*E. G. Ferguson,* with him *J. S. Ferguson,* for appellant.—It cannot be doubted that a partnership may exist in the operation of a steamboat, although the registration may be such as it was in the present case: Knox v. Campbell, 1 Pa. 366; 1 Parsons on Shipping and Admiralty, 116; Story on Partnership, sec. 449; Moffatt v. Farquaharson, 2 Brown's Chancery, 338; Good v. Blewitt, 13 Ves. 397; Merritt v. Walsh, 32 N. Y. 685; Doddington v. Hallett, 1 Ves. Sr. 497; Mumford v. Nicoll, 20 Johns. 611.

The several owners of vessels, owned in shares, though they are tenants in common of the ship itself, are partners in regard to earnings on any voyage upon which it is sent: Abbott on Shipping, 111–115; Watson on Partnership (2d ed.), pp. 54, 55, 139 and 142; Williams v. Lawrence, 47 N. Y. 462.

The mode of registration of ownership of the steamer Butte is of no importance whatever in this case. As against purchasers dealing with one of the owners according to the face of the record, without notice of any different ownership, none of the parties could be heard to allege that the boat was partnership property, but as between partners, themselves, property treated as partnership property is to be regarded as partnership assets: Warriner v. Mitchell, 128 Pa. 153.

*Charles P. Orr* and *Thomas C. Lazear,* for appellee, were not heard, but cited in the printed brief: Horbach v. Elder, 18 Pa. 33; Wharton v. Douglass, 76 Pa. 273; Russell v. Miller, 54 Pa. 155; Klase v. Bright, 71 Pa. 186; Riley v. Eigo, 1 Pa. Superior Ct. 139; McKelvy's App., 72 Pa. 409; Smith v. Vanderburg, 46 Ill. 34; Claiborne v. Creditors, 18 La. 501; Guldin v. Lorah, 141 Pa. 109; Gloninger v. Hazard, 42 Pa. 390; Gillis v. McKinsey, 6 W. & S. 78; Brubaker v. Robinson, 3 P. & W. 295; Richey v. Hathaway, 149 Pa. 207.

PER CURIAM, January 3, 1899:

The opinion of the learned court below contains a very satisfactory statement of the reasons why a verdict for the defendant was directed by the court. It is not necessary to enlarge upon these reasons. It is quite enough to know that when the defendant had allowed a period of fifteen years to elapse, without filing a bill for a settlement of the partnership dealings, he certainly cannot be permitted to set up the want of such proceedings as a defense in the present action. We are entirely satisfied with the opinion of the court on the motion for a new trial, and on it we affirm the judgment.

Judgment affirmed.