PAYNE, Respondent, vs. PAYNE and wife, Appellants.

*September 12—November 7, 1906.*

*Contract for support: Enforcing contribution: Necessary parties: Plea in abatement: Contract construed: Married women: Contract benefiting separate estate: Evidence: Competency: Husband and wife: Agency of wife: Special verdict: Form of questions: Court and jury.*

1. Where several persons contracted to support a woman during her life, each being bound in the same degree, and one of them discharged the obligation alone, he is entitled to contribution and may enforce it in a legal action.

2. The plaintiff in such a case may enforce his claim for contribution against any one or more of the persons liable to him for their proportionate shares, and the other persons so liable are not necessary parties to the action.

3. Where in such a case defendants in the action for contribution had given a mortgage of land to secure performance of the contract for support, a third person who had afterwards purchased the land and assumed the lien of the mortgage is not a necessary party to the action, there being nothing to show that he assumed the personal liability of his grantors to contribution.

4. Allegations of an answer that certain third persons are necessary parties are, under sec. 2667, Stats. 1898, to be deemed controverted by the plaintiff, and the issue thereon may be tried with the general issues, in the court's discretion, under Circuit Court Rule XIV.

5. A contract executed by two husbands and their wives for the support of the wives' mother, providing that she should have the privilege of living with either family as she should elect and for such time as she desired, is construed as binding all the parties to furnish the support wherever the mother might choose to reside, and not as putting the whole burden upon those with whom she did reside.

6. A contract by a married daughter having separate estate and by others for the support of her mother during life, which protected such daughter from liability under the statute to furnish such support in case her mother should become unable to support herself, operated to the benefit of the daughter's separate estate, and she was therefore bound thereby.

7. In an action to enforce contribution from persons who had contracted jointly with plaintiff to support a certain person, evi-

dence as to the comparative value of two pieces of land which
had been conveyed to plaintiff and one of the defendants re-
spectively in consideration of their joining in the contract, as
to the health of the person supported while she lived with
plaintiff, as to the value of the support which he furnished her,
and as to her fear of one of the defendants, is *held* to have been
material and competent.

8. The fact that plaintiff's wife, in the usual course of the manage-
ment of the household affairs, attended to the details of procur-
ing provisions, etc., and performed the labor incident to fur-
nishing support for a person in their house, did not show that
she was the agent of her husband in the matter of such sup-
port so as to make her a competent witness for the defense in
an action by the husband to enforce contribution from other
persons jointly bound with him to furnish such support.

9. A question for special verdict, asking what was the real value of
support furnished to a person over and above the value of her
services in the household, covered but one issuable fact and
was not objectionable.

10. The terms of a contract for support not being in dispute, its con-
struction was for the court, not for the jury.

APPEAL from a judgment of the circuit court for Colum-
bia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Plaintiff brings this action to enforce contribution against
the defendants for their failure to perform the obligations of
a contract, made by himself and wife and the defendants,
for the support of Bridget Cuddy, who is the mother of his
wife and the defendant *Catherine Payne.* He alleges that
by reason of the defendants' failure to perform their part of
this contract he was compelled to support Mrs. Cuddy and
to incur expenses in excess of his proportion under it, and he
therefore demands contribution from the defendants of their
proportionate shares of the expenses he has so incurred. It
appears that Bridget Cuddy, her two daughters, Mary Payne
and the defendant *Catherine Payne,* and W. T. Cuddy, her
son, had the title to and interest in lands left them by their
deceased husband and father, and that the daughters and their
husbands, *George* and *Albert Payne,* entered into a written
contract with Bridget Cuddy, the mother, in 1884, for her

support and care for the remainder of her life. In consideration of their entering into this agreement and the payment of $400 each by *George* and *Albert Payne,* Bridget Cuddy, *Catherine. Payne,* and W. T. Cuddy conveyed their interest in sixty-four acres of this land to the plaintiff; and Bridget Cuddy, Mary Payne (plaintiff's wife), and W. T. Cuddy conveyed their interest in a remaining forty acres to the defendant *Albert Payne.* To secure the performance of the agreement for Bridget Cuddy's support, Mary and *Catherine Payne* made and executed a mortgage on lands owned by them separately, which mortgage was also signed by their husbands. The agreement for the support of Bridget Cuddy was to the effect that her support and care and the expense of her burial should be furnished by the parties to this contract, namely, the plaintiff and his wife and the defendants. Bridget Cuddy had the right and privilege of living with plaintiff's or defendants' family as she should elect and for such time as she desired. She lived with the plaintiff or the defendants from the time this agreement was made until her death in May, 1903. Plaintiff alleges that for more than the six years immediately preceding the commencement of this action defendants wholly failed and neglected to perform any part of their obligations under this agreement, and that he was compelled to furnish all the care and support of Bridget Cuddy, and he therefore demands contribution from the defendants for their proportionate share of the expenses so incurred by him.

The defendants allege full performance of the contract on their part. They also allege that Mary Payne, plaintiff's wife, is a necessary party to this action, and that since the lands covered by the mortgage given by Mary and *Catherine,* the daughters of Mrs. Cuddy, have been sold and conveyed to W. T. Cuddy, he has assumed the lien created by the mortgage and should be made a party to the action. Neither Mary Payne nor W. T. Cuddy was made a party to the action.

The case was tried before the court and a jury upon the issues so raised by the pleadings. The jury returned the following special verdict:

"1. What is the reasonable value, over and above the reasonable value of her services in the household and family of the plaintiff, if anything, of the support and care furnished to Bridget Cuddy by the plaintiff and his wife from January 7, 1899, to her death on May 18, 1903? A. $672. 2. What is the reasonable value of the support and care furnished by the defendant *Albert Payne* and his wife during the period fixed by the first question? A. $5. 3. What is the reasonable value, over and above the reasonable value of her services in the family and household of the plaintiff, if anything, of the support and care furnished to Bridget Cuddy by the plaintiff and his wife from October, 1888, to January 7, 1899? A. Nothing. 4. What is the reasonable value of the support and care furnished to Bridget Cuddy by *Albert Payne* and his wife during the period fixed by the third question? A. $70."

The court deducted $75 as the total value of the support and care furnished by defendants to Bridget Cuddy during the period of the contract from the total amount furnished by the plaintiff within the six years immediately preceding the commencement of this action, and awarded judgment in plaintiff's favor for one half of the balance, as the amount to be contributed by the two defendants for the support and care of Mrs. Cuddy under the contract. This is an appeal from such judgment.

*Daniel H. Grady,* for the appellants.

*J. H. Rogers,* for the respondent.

The following opinion was filed October 9, 1906:

SIEBECKER, J. Plaintiff rests his right to recovery upon an implied obligation flowing from the contract for Mrs. Cuddy's support and care, under which the plaintiff and each one of the other parties was bound in the same degree to discharge the common burden. He avers that for more than six

years before the commencement of this action he in fact discharged this obligation alone, and he demands that the defendants contribute their shares by reimbursing him for the excess he has paid on account of their failure to perform their part of the common obligation. The right to contribution under similar circumstances is well established and its enforcement in legal actions has been sustained in the decisions of this court. *Bushnell v. Bushnell,* 77 Wis. 435, 46 N. W. 442; *Mason v. Pierron,* 63 Wis. 239, 23 N. W. 119; *Faurot v. Gates,* 86 Wis. 569, 57 N. W. 294. See, also, the following cases in other jurisdictions: *Jacobsmeyer v. Jacobsmeyer,* 88 Mo. App. 102; *Odiorne v. Moulton,* 64 N. H. 211, 9 Atl. 625; *Fletcher v. Grover,* 11 N. H. 368; *Power v. Rees,* 189 Pa. St. 496, 42 Atl. 26.

The defendants insist that since plaintiff's wife is a party to the contract the court erred in denying their request to make her a party to this action. From the foregoing statement it clearly follows that plaintiff is entitled to enforce his alleged claim for contribution, and that he may do this by proceeding against any one or more of the persons liable to him for their proportionate share without proceeding against all persons so liable to him. It is apparent that plaintiff's wife, as one of the parties equally bound on the face of the agreement by the common burden, was not a necessary party to the action against the defendants to recover from them their proportionate shares of the amount due plaintiff under the contract. The claim that W. T. Cuddy should have been made a defendant in this action, upon the ground that he had assumed the lien of the mortgage given by Mary and *Catherine Payne* on their separate real estate, which he thereafter purchased, to secure the performance of the contract, is not well founded. This is not an action to enforce the mortgage security in favor of Mrs. Cuddy, but one for the enforcement of the personal liability of the parties to contribute their proportionate shares of the contract obligation. There is noth-

ing to show that W. T. Cuddy assumed this personal liability of the defendants.

Defendants requested that plaintiff's wife and W. T. Cuddy be made parties to the action, upon the ground that they are proper and necessary parties to a final determination of the questions presented under the allegations of the answer. It is contended that the allegations of the answer showing that they are necessary parties to the action constitute pleas in abatement, and that, since plaintiff failed to reply to them, they stand admitted, and therefore defendants' request that they be made parties should have been granted. The court refused the request, and treated these allegations of the answer as new matter at issue without a reply, and tried the questions raised by them with the general issues in the case. Under sec. 2667, Stats. 1898, any allegation of new matter, not pleaded as a counterclaim, is to be deemed controverted by the adverse party. All special rules governing pleas in abatement and bar at the common law have been modified by the Code, and matters pleaded, whether in bar or in abatement, are to be alleged in one answer and may be tried together in the court's discretion, under the Code and Circuit Court Rule XIV. *Roys v. Lull,* 9 Wis. 324; *Wood v. Lake,* 13 Wis. 84; *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419, 13 N. W. 252; *Freeman v. Carpenter,* 17 Wis. 126; Bliss, Code Pl. §§ 3–5; Pomeroy, Code Rem. §§ 697, 698.

It is urged that error was committed because the court held that the evidence establishing the contract was not disputed and that by its terms plaintiff and his wife and the defendants became jointly and severally bounden to furnish support and care to Bridget Cuddy as therein stipulated, and that Bridget Cuddy had the right to live at the home of either the plaintiff or the defendants at such times and for such periods as she might desire. It is obvious that this contract was entered into by Mary and *Catherine Payne,* daughters of Bridget Cuddy, in order to assure to their mother support

and care for the remainder of her life, and that she should have the privilege of living at their respective homes if she so chose, and that the daughters, in consideration of such support and care, joined in a conveyance of the real estate, jointly owned by them, their mother, and brother, to their respective husbands, *George* and *Albert Payne,* who, in consideration of the transfer of this real estate to them, joined in the contract for support. The terms of the agreement, in the light of these facts and circumstances, clearly indicate that the parties to it were obligated to furnish the mother the care and support stipulated wherever she might choose to reside, and that it was not contemplated or agreed that such support was to be furnished solely at the expense of the party with whom she resided. To construe the contract as appellant contends would give its terms a special and strained significance which they do not naturally import, and would conflict with the apparent intentions of the parties.

It is urged that the defendant *Catherine Payne* could not bind herself at law as a party to this agreement, since it in no way affected her separate property or business. The contract made provision for the mother's support and care for life. It seems she contributed to this object to the extent of transferring her interest in the lands conveyed to *George* and *Albert Payne.* Yet the parties evidently did not consider this a sufficient consideration to compensate for the undertaking, and the daughters obligated themselves to share this burden with their husbands equally by joining in the contract, and they secured its performance by pledging their separate estates under a mortgage. The fact that Bridget Cuddy was provided support and care for life by this transaction, which protected her daughters from liability under the statutes for furnishing her support in case she should become unable to maintain herself, furnishes good grounds for the taking of such steps as they might deem proper to protect themselves and their separate estates from such liability.

Her support and care under this contract therefore operated to the benefit and advantage of her daughters' separate estates, and thus enabled them to make a contract in respect thereto, and brings the transaction within the class covered by the statute removing the common-law disabilities of married women to make binding contracts. *Kriz v. Peege,* 119 Wis. 105, 95 N. W. 108; *Citizens' L. & T. Co. v. Witte,* 116 Wis. 60, 92 N. W. 443; *Mueller v. Wiese,* 95 Wis. 381, 70 N. W. 485; *Stack v. Padden,* 111 Wis. 42, 86 N. W. 568.

A number of exceptions to the reception of testimony are urged upon our attention. Plaintiff testified to the respective values of the two pieces of land conveyed to him and the defendant in consideration of their assuming to aid in the support and care of Bridget Cuddy; as to her condition of health while she resided at his house, and the reasonable value of the support which he furnished her during the period for which he sued. The reception of this evidence as well as that of George Payne, Jr., concerning Mrs. Cuddy's fear of the defendant, is urged as prejudicial because the witnesses had no knowledge on the subject, and because it had no relevancy to the issues tried. An examination of the exceptions discloses that the evidence was material and competent, and that the witnesses testified from personal knowledge.

Other exceptions were urged against the rejection of evidence offered by defendants of conversations with W. T. Cuddy as to his assumption of the mortgage obligation and of proof tending to show ill feeling between all the parties. The record shows that this evidence was either wholly immaterial or so slightly related to the issues litigated that no prejudice resulted from its exclusion. Defendants called the plaintiff's wife as a witness in the case upon the ground that she acted as his agent in furnishing the support and care to Mrs. Cuddy for which he asked to be compensated, and as therefore competent to give evidence of the nature and kind of support and care he furnished. We find no support for

this contention. Plaintiff's wife undoubtedly attended to the details of securing the provisions and other necessaries and performed the labor incident to furnishing the support and care for her mother in plaintiff's household; this was done in the usual course in the management of the household affairs that she assumed and performed as plaintiff's wife, in keeping house for him and his family in the customary way. It in no way tends to show that the relationship of principal and agent existed as to these matters between the husband and wife. Defendants' counsel asked her generally, while testifying, whether her husband, the plaintiff, had sent any communication to the defendants or either of them through her. The court ruled that no basis of her agency was shown, and sustained an objection to the question. No suggestion was made to the court that this inquiry pertained to anything pertinent and material to the case, nor was there an offer to confine it to a competent and material subject. Hence the ruling must be sustained.

It is claimed that the first question of the special verdict is double, in that it covers two separate issuable facts, and that it is therefore objectionable. The question can bear no such construction. The inquiry covered by it is plain, covers but one question, and admits of a direct answer by the jury.

It is further contended that the court erred in refusing to include in the special verdict two questions requested by the defendants, whereby the jury were asked to find whether Bridget Cuddy had the right to choose whether she would reside with the plaintiff or the defendants, and whether the defendants were liable under the contract for one half of the value of her support and care. We think the court very properly refused to submit these two questions. As above stated, the contract was not in dispute under the evidence, and it devolved upon the court, under the uncontradicted evidence on the subject, to construe it.

The exceptions argued pertaining to the direction of a ver-

dict for the plaintiff, to instructions given, and to the refusal to change the answers to questions of the special verdict are sufficiently covered by the foregoing considerations. We find, under the evidence, the amount of damages recovered to be reasonably within the facts of the controversy, and the finding of the jury and the action of the court in refusing to change the verdict must be sustained. No question was raised as to the right to take judgment against the defendants jointly in this action, and therefore this question is not properly here for review. The record shows no prejudicial error.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied November 7, 1906.