**BARROWS and another, Respondents, vs. LEATH & COMPANY, Appellant.***

*November 9—December 5, 1950.*

---

\* Motion for rehearing denied, with $25 costs, on February 6, 1951.

156

158

For the appellant there were briefs by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Harry F. Knipp,* all of Janesville.

For the respondents there was a brief by *Dougherty, Ryan, Moss & Wickhem* of Janesville, and oral argument by *John C. Wickhem.*

BROWN, J. The language of the contract between Otis Elevator Company and the defendant is not technical or otherwise obscure, but is plain and unmistakable. As such it must be construed according to the ordinary meaning of the words and evidence of extrinsic circumstances is excluded. *Milwaukee County v. Badger Chair & Furn. Co.* (1936), 223 Wis. 118, 126, 269 N. W. 659; *Schuhknecht v. Robers* (1927), 192 Wis. 275, 212 N. W. 657; *Deree v. Reliable Tool & Machine, Inc.* (1947), 250 Wis. 224, 26 N. W. (2d) 673. The construction of such a contract is a matter of law for the court. *Payne v. Payne* (1906), 129 Wis. 450, 109 N. W. 105. The contract expressly states that Otis Elevator Company is to make "a monthly examination of the elevator, excepting signal devices." Testimony which eliminated this provision from the agreement was clearly incompetent and was made still more prejudicial by the statement that the statutes prohibited Otis Elevator Company or any other organization from entering into a contract giving such words their plain, unmistakable meaning. We have not been directed to any such statutes and have found none and, indeed, it would be a strange state of the law if a duty was imposed on

a corporation to maintain a safe place for its employees and others but it was prohibited from employing competent agents to inspect and repair. The admission of the testimony of the elevator inspector from the industrial commission interpreting the contract constituted reversible error and the only question in our minds is whether the error demands a new trial or the contract itself, under the circumstances of the accident, requires a direction to the trial court to dismiss the complaint.

The contract provides for a monthly examination of the elevator by the Otis Elevator Company. Barrows was the person assigned to that job. There is nothing illegal in such an undertaking. Sometimes Barrows looked at the top to see if it was in safe condition and sometimes he didn't. On this occasion he didn't. His last examination in this respect was about three weeks earlier. There is no ambiguity in the contract to support his present contention that such examination was no part of the contract and that he was not there for that purpose. When, two and one-half years after the accident he swore to his complaint, he alleged that it was a contract for inspection, maintenance, and repair and that he was on hand to carry it out. The language of the agreement and his actions on this and other occasions conform to that interpretation and not to his changed theory that there was a contract for oiling and greasing the mechanism only. The provision that Otis Elevator Company will furnish rope preservatives as necessary has nothing to do with oiling and greasing but a great deal to do with safety. While it does not appear whether ropes were used on this elevator the services and materials to be furnished show the nature of the obligation. A new trial could not change the interpretation of the contract nor the capacity in which Barrows was engaged on the elevator. His brief asserts:

"If plaintiff were the very person charged with maintaining the elevator in a safe condition and, having failed to do so, was injured by his own failure, it stands to reason, as appellant contends, that he could have no recovery, and we are not surprised that the appellant has found a great deal of authority in support of that proposition. However, the *fact* is that there is no showing that the plaintiff had any obligation toward Leath other than to make a monthly visit in order to oil and grease and make minor adjustments to the operating mechanism of the Leath elevator."

The contract must be construed according to its plain words, and the construction is for the court not the jury. This court cannot construe it in accord with what counsel says the *fact* is (above), eliminating the provision for the "monthly examination of the elevator, excepting signal devices." Plaintiff *was* the very person charged with this duty. His injury came from his failure to examine the top, as he had done about three weeks earlier, before using it as a platform. He was injured by his own failure and, as his counsel says, in that case neither reason nor authority allow him recovery. The judgment must be reversed with directions to dismiss the complaint.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment dismissing plaintiffs' complaint.